IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SARAH GARCIA ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANTHONY REGINALD DIDONATO ) <br> T/A RAPID RECOVERY CREDIT & COLLECTIONS ) <br> Serve: 10304 Collingham Drive ) <br>         Fairfax, Virginia 22032-2605 ) <br> ) <br> Defendant. ) <br> ) | **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, SARAH GARCIA, brings this Complaint by and through the undersigned counsel, against Defendant ANTHONY REGINALD DIDONATO, T/A RAPID RECOVERY CREDIT & COLLECTIONS and allege as follows.

## INTRODUCTION

1. Plaintiff brings this action seeking redress for Defendant's attempt to collect a debt that Plaintiff did not owe, and for Defendant's abusive and deceptive actions in attempting to collect this debt.

2. Defendant's actions violated § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

3. Plaintiff is seeking damages, and declaratory and injunctive relief.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action under 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq.* If applicable, the Court also has pendent jurisdiction over the state law claims in

this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as the actions complained of occurred in this district.

## PARTIES

6. Plaintiff is a natural person and resident of Alexandria, Virginia and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is an individual operating an unincorporated collection agency.

8. Defendant lists his office address as a Post Office Box located in Fairfax, Virginia and resides in Fairfax County, Virginia.

9. Defendant uses the mail, telephone, and facsimile and regularly engages in business a principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant collects and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

11. Defendant is a "debt collector," as defined under 15 U.S.C. § 1692a(6).

## FACTS

12. In December 2018, Plaintiff was in an automobile accident and went to Acute & Wellness Chiropractic Clinic ("the chiropractor") for chiropractic treatment.

13. Plaintiff's health insurance covered chiropractic treatment.

14. Plaintiff provided her health insurance information to the chiropractor, as well as the insurance information for the other driver.

15. The driver who was at fault in the accident also had insurance coverage.

16. The chiropractor told Plaintiff that they would get paid from her health insurance and/or the other driver's insurance policy, and that they would handle processing the claim for payment.

17. Plaintiff stopped treating with the chiropractor in or about April 2019.

18. Plaintiff heard nothing else from the chiropractor until August 27, 2020.

19. Despite having agreed to accept payment from the Plaintiff's insurance, the chiropractor claimed that Plaintiff owed additional money for her treatment.

20. On or before August 27, 2020, the contractor hired Defendant to collect on the alleged debt.

21. On or about August 27, 2020, Defendant sent Plaintiff a dunning letter seeking payment of a debt allegedly owed to the chiropractor. A copy of the August 27, 2020 letter is attached hereto as Exhibit 1.

22. In the August 27, 2020 dunning letter, Defendant states in all caps : **"FINAL DEMAND * COURT FILING"**.

23. Defendant did not file any legal action, or cause any legal action to be filed, against Plaintiff as of the filing of this Complaint.

24. In the August 27, 2020 dunning letter, Defendant further states that the debt "is now assumed to be **Valid**".

25. There has been no determination or assumption that the alleged debt is valid.

26. Even if the Defendant had sent an earlier dunning letter which was not responded to, the only assumption that would apply is that Defendant would be entitled to assume the debt is valid - a consumer's failure to respond to Defendant would not create any assumption

for any third party or court that the debt is valid.

27. However, the August 27, 2020 dunning letter misleadingly implies that the debt is assumed to be valid by third parties, and that Plaintiff could not dispute the debt.

28. In the August 27, 2020 dunning letter, Defendant further states that "UNLESS PAYMENT IS MADE, REPOSSESSION PROCEDURES MAY TAKE EFFECT".

29. It is unclear if Defendant intends to repossess Plaintiff's car, her spine or some other item if she does not pay - however, there is no right of repossession related to this alleged debt.

30. Upon receiving the August 27, 2020 dunning letter, Plaintiff was intimidated and agreed to make payments to Defendant.

31. The August 27, 2020 letter was Defendant's first contact with Plaintiff.

32. Defendant did not include any of the notices required by 15 USC 1692g in the August 27, 2020 letter.

33. In response to the August 27, 2020 letter, Plaintiff contacted Defendant and agreed to make payments on the alleged debt.

34. The Plaintiff provided her debit card information for Defendant to take an immediate payment, and to set up recurring monthly payments.

35. The next payment on the recurring monthly payments was more than 5 days after it was set up.

36. Defendant did not provide any written notice of his intent to deposit the recurring payment, as required by 15 USC §1692f(2).

37. On November 1, 2020, Defendant sent Plaintiff an email demanding payment of the

4

alleged debt. A copy of the email is attached hereto as Exhibit 2.

38. The November 1, 2020 email fails to disclose that the letter is from a debt collector, or otherwise provide the disclosure required by 15 USC §1692e(11) that the communication is from a debt collector.

39. The November 1, 2020 email threatened to add a late fee to the debt.

40. There was no authority for any late fees to be added to the alleged debt.

41. In response to the November 1, 2020 email, Plaintiff contacted Defendant and provided her credit card information, and agreed that the credit card could be used for the recurring payments.

42. Defendant did not provide any written notice of his intent to deposit the recurring payment, as required by 15 USC §1692f(2).

43. On January 2, 2021, Defendant sent Plaintiff an email demanding payment of the alleged debt. A copy of the email is attached hereto as Exhibit 3.

44. The January 2, 2021 email fails to disclose that the letter is from a debt collector, or otherwise provide the disclosure required by 15 USC §1692e(11) that the communication is from a debt collector.

45. The January 2, 2021 email threatened to add a late fee to the debt.

46. There was no authority for any late fees to be added to the alleged debt.

47. On January 4, 2021, Defendant sent Plaintiff an email demanding payment of the alleged debt. A copy of the email is attached as Exhibit 4.

48. In the January 4, 2021 email, Defendant states that a late fee has already been added to the account.

49. There is no authority for any late fees to be added to the alleged debt.

50. In the January 4, 2021 email, Defendant states that he is "preparing your case to be sent to the Attorneys within 24 hours for filing immediately in court at there [sic] discretion. Additionally, there may be Court Costs, Attorney Fees, Interest and Damages added to your account."

51. There is no authority for Attorney fees or damages to be added to the account.

52. Defendant did not file any legal action, or cause any legal action to be filed, against Plaintiff as of the filing of this Complaint.

53. The January 4, 2021 email fails to disclose that the letter is from a debt collector, or otherwise provide the disclosure required by 15 USC §1692e(11) that the communication is from a debt collector.

54. On February 1, 2021, Defendant sent Plaintiff an email demanding payment of the alleged debt. A copy of the email is attached hereto as Exhibit 5.

55. The February 1, 2021 email fails to disclose that the letter is from a debt collector, or otherwise provide the disclosure required by 15 USC §1692e(11) that the communication is from a debt collector.

56. The February 1, 2021 email threatened to add a late fee to the debt.

57. There was no authority for any late fees to be added to the alleged debt.

58. On or about March 2, 2021, Defendant sent Plaintiff an email demanding payment of the alleged debt. A copy of the email is attached hereto as Exhibit 6.

59. The March 2, 2021 email fails to disclose that the letter is from a debt collector, or otherwise provide the disclosure required by 15 USC §1692e(11) that the communication

is from a debt collector.

60. The March 2, 2021 email threatened to add a late fee to the debt.

61. There was no authority for any late fees to be added to the alleged debt.

62. On March 3, 2021, Defendant sent an email to Plaintiff threatening to apply "another" late fee to the account. A copy of the email is attached hereto as Exhibit 7.

63. The March 3, 2021 email fails to disclose that the letter is from a debt collector, or otherwise provide the disclosure required by 15 USC §1692e(11) that the communication is from a debt collector. There was no authority for any late fees to be added to the alleged debt.

64. On March 5, 2021, Defendant sent an email to Plaintiff threatening to apply a late fee to the account. A copy of the email is attached hereto as Exhibit 8.

65. The March 5, 2021 email fails to disclose that the letter is from a debt collector, or otherwise provide the disclosure required by 15 USC §1692e(11) that the communication is from a debt collector.

66. There was no authority for any late fees to be added to the alleged debt.

67. On March 6, 2021, Defendant sent an email to Plaintiff advising it had applied "another" late fee to the account. A copy of the email is attached hereto as Exhibit 9.

68. The March 6, 2021 email also threatened to add **ANOTHER** fee two days later if the Plaintiff did not contact him ASAP.

69. The March 6, 2021 email fails to disclose that the letter is from a debt collector, or otherwise provide the disclosure required by 15 USC §1692e(11) that the communication is from a debt collector.

70. There was no authority for any late fees or any other fees to be added to the alleged debt.

71. On or about March 8, 2021, Defendant sent an email to Plaintiff claiming that the "case goes LEGAL today. Once judgment is taken, they will begin Garnishments." A copy of the email is attached hereto as Exhibit 10.

72. The March 6, 2021 email fails to disclose that the letter is from a debt collector, or otherwise provide the disclosure required by 15 USC §1692e(11) that the communication is from a debt collector.

73. Defendant did not file any legal action, or cause any legal action to be filed, against Plaintiff as of the filing of this Complaint.

74. On March 8, 2021, Defendant sent Plaintiff a an email threatening to sent the matter to an attorney within 24 hours for immediate filing in court. A copy of the March 8, 2021 email is attached hereto as Exhibit 11.

75. Defendant did not file any legal action, or cause any legal action to be filed, against Plaintiff as of the filing of this Complaint.

76. The March 8, 2021 email also threatened to add Attorney fees and Damages to the account.

77. There was no authority to add Attorney fees or Damages to the account.

78. On March 11, 2021, Plaintiff requested a copy of the contract between herself and the chiropractor.

79. On March 11, 2021, Defendant replied via email as follows:

NO. YOU MAY ASK THE JUDGE FOR A BILL OF PARTICULARS WHILE YOU ARE FACING THE JUDGE.

>AS I TOLD YOU, YOUR CASE WENT TO THE ATTORNEYS FOR IMMEDIATE FILING IN COURT IN ALEXANDRIA COURTS, BECAUSE OF YOUR REFUSAL TO CONTINUE PAYING AFTER MANY REPEATED ATTEMPTS.  THE COURTS WILL NOT LOOK FAVORABLY ON YOUR REFUSALS, NEITHER WILL THE ATTORNEYS AFTER THEY HAVE ADDED COURT COSTS, ATTORNEYS FEES, INTEREST + DAMAGES.  I TRIED TO TELL YOU ALL THIS MANY TIMES.

A copy of the March 11, 2021 email is attached hereto as Exhibit 12.

80. Once again, the March 11, 2021 email fails to disclose that the letter is from a debt collector, or otherwise provide the disclosure required by 15 USC §1692e(11) that the communication is from a debt collector.

81. In addition, the March 11, 2021 email attempts to add attorney fees and damages without any authority.

82. Defendant did not file any legal action, or cause any legal action to be filed, against Plaintiff as of the filing of this Complaint.

83. On March 11, 2021, Plaintiff again requested a copy of the signed contract.

84. On March 12, 2021, Defendant replied via email: "ONCE YOUR [sic] SERVED WITH THE COURT DOCUMENTS, YOU WILL HAVE YOUR COURT DATE.  PENALTYS = FEES WILL CONTINUE EVERY DAY.  ASK THE JUDGE.!"  A copy of the March 12, 2021 email is attached hereto as Exhibit 13.

85. On or about March 8, 2021, Defendant left a voicemail for Plaintiff, and left the following message:

"Yeah Sarah I don't know what your game is playing right now but this is Tony the

owner of Rapid Recovery. This case is being drafted for me today at the end of the day by the attorneys for immediate filing. It will go into Alexandria District court. Understand once the attorneys get it and they file the case, you are going to have attorney fees, court fees, interest and damages. This thing is gonna increase tremendously. This is your last day and your last call you're going to get on this. Once it becomes a court date, once its in the court system there's nothing I can do to help you. All parties have to appear in court and you're going to be paying through all those other fees as well. Again this is Tony at Rapid Recovery remember case number **** last four of your social security number. My name is Tony 703-273-4224 Sara Se Garcia again this is urgent 703-273-4224."

86. The March 8, 2021 voicemail fails to disclose that the message is from a debt collector, or otherwise provide the disclosure required by 15 USC §1692e(11) that the communication is from a debt collector.

87. The March 8, 2021 voicemail threatens to add attorney fees and damages without any authority.

88. The March 8, 2021 voicemail threatens to file suit immediately.

89. None of the communications from Defendant contain the initial communication notices required by 15 USC §1692g.

90. The alleged obligation arose out of a transaction in which services which are the subject of the transaction were primarily for personal, family or household purposes.

91. The alleged obligation at issue is a "debt" as defined by 15 U.S.C.§ 1692a(5).

92. The chiropractor is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

93. The chiropractor directly or through an intermediary contracted Defendant to collect the alleged debt.

94. As a result of the Defendants' violations of the FDCPA, the Plaintiff suffered an informational injury as a result of being deprived of correct information about the alleged debt. This injury also created a material risk of financial harm that Congress intended to prevent by enacting the FDCPA – to wit, that Plaintiff, influenced by misleading information, might make payment decisions that she might not have made had she been given only truthful information.

95. As a result of Defendants' violations of the FDCPA, the Plaintiff has suffered stress, anxiety and aggravation, as well as financial loss.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §*1692 et seq.*

96. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

97. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692f and 1692g.

98. Defendant violated said sections by:

   a. Falsely representing that the character and amount of the alleged debt, in violation of §1692e(2) and 1692e(10);

   b. Falsely representing that Plaintiff's assets will be repossessed if the debt is not

      paid, in violation of §1692e(4), 1692e(10) and 1692f(6);

c. Falsely representing that the Defendant intended to take immediate legal action if the debt was not paid, in violation of §1692e(5) and 1692e(10);

d. Failure to disclose that the communication was from a debt collector, in violation of §1692e(11) and 1692e(10);

e. Attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. §1692f(1) and 1692e(10);

f. Failure to provide written notice prior to depositing a post dated payment, in violation of 15 U.S.C. §1692f(2);

g. Failure to provide the Validation of Debts notices required by 15 U.S.C. §1692g;

h. Demanding immediate payment within the 30 day period following the first contact from Defendant, in violation of 15 U.S.C. §1692g(b).

99. By reason the above, Defendant is liable to Plaintiff for judgment that Defendants' conduct violated Sections 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

100. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. Awarding Plaintiff statutory damages;

  B.  Awarding Plaintiff actual damages;

  C.  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses

  D.  Awarding pre-judgment interest and post-judgment interest; and

  E.  Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: April 30, 2021

Respectfully Submitted,
**SARAH GARCIA**

By: /s/ Thomas R. Breeden
Thomas R. Breeden, Esquire/VSB#33410
Thomas R. Breeden, P.C.
10326 Lomond Drive
Manassas, Virginia 20109
Telephone No.: (703) 361-9277
Facsimile No.: (703) 337-0441
Email: trb@tbreedenlaw.com
Counsel for Plaintiff

By: /s/ Brian L. Bromberg
Brian L. Bromberg, Esquire
Bromberg Law Office, P.C.
352 Rutland Road, #1
Brooklyn, New York 11225
Telephone No.: (212) 248-7906
Facsimile No.: (212) 248-7908
Email: brian@bromberglawoffice.com
(*Pro Hac Vice* to be filed)